Swing, J.
The plaintiff, Joseph Peters, was injured in September, 1877, at Delta Station, in the eastern part of Cincinnati, by collision with a locomotive of the railway company.
The testimony introduced by Peters showed that about seven o’clock in the evening of September 6th, 1877, he was talking with some friends, on the south side of Eastern Avenue, opposite Delta Station, when a train from the city, going east, arrived at the depot and came to a halt. Peters, desiring to see a friend whom he expected to come on the train, started to go across to the station. The station being on the north side of the track, he was obliged to go north-eastwardly, going around in front of the locomotive of the eastbound train, and he testified that, before he started to go across, he looked to see if a train was approaching from the east. There is a double track at that point, and he crossed the south track to a point between the two tracks, and walked westwardly a number of steps before turning to cross to the north side of the north track. He then stepped upon the track to go across, without looking again, and was struck by a locomotive of a train going west to the city.
There was testimony tending to show that the train was going at a considerable rate of speed, that it failed to give the proper *35 signals, and that the engineer was not giving proper attention to the movement of his train.
There was evidence tending to show that the engines of two dummies, standing at the station on the narrow-guage track, were making'smoke and noise, and that the locomotive of the east-bound train was making smoke.
The court charged the jury that the plaintiff would not be negligent if he did not look and listen before attempting to cross the track, if a man of ordinary prudence would have omitted to do so. The court also charged the jury that, even though the plaintiff were guilty of some negligence, the defendant would he liable, if guilty of a greater degree of negligence. The plaintiff had a verdict for $3,500, upon which judgment was entered.
This court held :
First — That upon the plaintiff’s own showing, he was guilty of contributory negligence, which precluded a recovery; that it is the duty of one about to cross a railway track to use his senses to ascertain whether a train is approaching; and that when he attempts to cross without making such use of his senses, and suffers injury thereby, he cannot recover against the railroad company, notwithstanding its negligence.
Second — That it was error to charge the jury that the plaintiff could recover if he were guilty of a slighter degree of negligence than the defendant.
Third — That the charge of the court to the effect that a person about to cross a railway track may, under some circumstances, be excused from using his senses to ascertain whether a train be approaching, was correct as an abstract proposition of law, but that to render it applicable to any particular case, the circumstances relied upon to show an excuse for the ■plaintiff’s failure, must be put in evidence by him, and that in the present case no excuse was shown for’the omission upon his part, and it was error to give this statement of the law to the jury in this case. The fact that the dummy engines were making noise and smoke, if such were the fact, so far from furnishing an excuse for the omission, increased the necessity for the exercise of the care ordinarily required. It is because railroad crossings are dangerous that it is the duty *36 of persons approaching them and about to cross, to be careful. Any circumstance which increases the danger of the crossing, increases the duty of vigilance to avoid injury.
Ramsey, Maxwell & Matthews, for plaintiff in error.
D. Them Wright, for defendant in error.

Judgment reversed.